

DANIEL G. BOGDEN
United States Attorney
SUSAN CUSHMAN
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6698

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

UNITED STATES OF AMERICA,

    Plaintiff,

  vs

ALBERT HERNANDEZ,

    Defendant.

2:12-cr-088-JCM-CWH

**PLEA AGREEMENT UNDER**
**FED. R. CRIM. P. 11 (c)(1)(A) and (B)**

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Susan Cushman, Assistant United States Attorney, the defendant ALBERT HERNANDEZ, and the defendant's attorney, Raquel Lazo, Assistant Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and ALBERT HERNANDEZ (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

II.     **DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

A.     <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead guilty to the following charge, as set forth in the superseding information: Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

B.     <u>Waiver of Trial Rights</u>.  The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the defendant is giving up:

1.     The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.     The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.     The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.     The right to testify in his own defense at such a trial if he so chooses;

5.     The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.     The right to have the assistance of an attorney at all stages of such proceedings.

7.     The right to indictment by a grand jury.

C.     <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D.     <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

. . . .

**III.    ELEMENTS OF THE OFFENSE**

The elements of Coercion and Enticement under18 U.S.C. § 2422(a) are:

1.      The defendant knowingly persuaded, induced, enticed or coerced an individual;

2.      To travel in interstate commerce;

3.      To engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

**IV.    FACTS SUPPORTING GUILTY PLEA**

A.      The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B.      The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt.  The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.      The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D.      The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1.      Between on or about February 17, 2012, and on or about February 23, 2012, in the District of Nevada, defendant knowingly persuaded, induced, enticed or coerced an individual whom he believed to be 13 years old to travel in interstate commerce for the purpose of engaging in any sexual activity for which any person can be charged with a criminal offense.  Defendant discussed engaging in sexual intercourse with a person that he believed was a minor girl.  At the time, defendant was 37 years old, and thus, engaging in sexual intercourse with a 13-year old constitutes a crime under Nevada law.

. . . .

. . . .

3

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

        1.   The Base Offense Level is 24. (U.S.S.G. § 2G1.3(a)(4))

                a.   A 2 level upward adjustment applies because the defendant unduly influenced a minor to engage in prohibited sexual conduct. (U.S.S.G. § 2G1.3(b)(2)(B));

                b.   A 2 level upward adjustment applies because the offense involved the use of a computer or interactive computer service. (U.S.S.G. § 2G1.3(b)(3)).

        2.   The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    Reduction of Offense Level for Acceptance of Responsibility.

1.    Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

2.    Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

3.    These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 26 (if two-level adjustment applies) or 25 (if two-level adjustment and additional one-level adjustment both apply).

D.    Criminal History Category.  The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history.  The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.    Relevant Conduct.  The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

. . . .

. . . .

5

F.    Additional Sentencing Information.

1.    The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances.  Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

2.    The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation.  The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

3.    Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student.  Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information.  Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.  Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from

6

prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d).  Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

4.        As a condition of supervised release, defendant shall initially register with the state sex offender registration in Nevada, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

G.        Career Offender Provision.  The defendant's base offense level could increase if the defendant qualifies as a career offender under USSG §§ 4B1.1 and 4B1.2.  In that event, the parties are not bound by the stipulated base offense level.  Application of the career offender provisions shall not be grounds for the defendant to withdraw his guilty plea.

. . . .

. . . .

. . . .

. . . .

7

VII.   **APPLICATION OF SENTENCING STATUTES**

A.   <u>Maximum Penalty</u>.  The maximum penalty for Coercion and Enticement under 18 U.S.C. §2422(a) is a 20-year prison sentence, a fine of $250,000, or both.  18 U.S.C. § 2422(a).

B.   <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However, the statutory maximum sentence limits the Court's discretion in determining the defendant's sentence.

C.   <u>Parole Abolished</u>.  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.   <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed life. 18 U.S.C. § 3583(j). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 20 years.

E.   <u>Special Assessment</u>.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

VIII.  **POSITIONS REGARDING SENTENCE**

A.   The parties will jointly recommend that the Court sentence the defendant to 97 months incarceration, followed by lifetime supervised release, unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility.  The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure

8

1    motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend

2    a sentence of 97 months incarceration, the United States reserves its right to defend any lawfully

3    imposed sentence on appeal or in any post-conviction litigation.

4          B.     The defendant will not request a sentence below the 97 months sentence of

5    incarceration and lifetime supervised release to which he agrees in this Plea Agreement, and will not

6    seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from the agreed-

7    upon joint recommendation of ~~8 ½ years~~ 97 MONTHS incarceration and lifetime supervised release, or from any

8    sentence the Court may impose.

9   **IX.**     **RESTITUTION**

10          In exchange for benefits received under this Plea Agreement, the defendant agrees to make

11    full restitution in an amount to be determined by the Court for all of the losses the defendant caused

12    by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant

13    conduct. 18 U.S.C. § 3663(a)(3)]. The defendant cannot discharge his restitution obligation through

14    bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations

15    cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

16   **X.**     **FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

17          Before or after sentencing, upon request by the Court, the United States, or the Probation

18    Office, the defendant will provide accurate and complete financial information, submit sworn

19    statements, and/or give depositions under oath concerning his assets and his ability to pay. The

20    defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will

21    release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered

22    by the Court.

23    . . . .

24    . . . .

25    . . . .

26    . . . .

XI.    **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

A.    Plea Agreement and Decision to Plead Guilty. The defendant acknowledges that:

(1)    He has read this Plea Agreement and understands its terms and conditions;

(2)    He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3)    He has discussed the terms of this Plea Agreement with his attorney;

(4)    The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)    He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.    Waiver of Appeal and Post-Conviction Proceedings.

1.    The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed of 97 months incarceration or within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that  sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

2.    The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

1        3.    The defendant acknowledges that the United States is not obligated or

2 required to preserve any evidence obtained in the investigation of this case.

3        C.    <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges

4 that if he is not a United States citizen, then it is highly probable that he will be permanently

5 removed (deported) from the United States as a consequence of pleading guilty under the terms of

6 this Plea Agreement.  The defendant has also been advised if his conviction is for an offense

7 described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and

8 will not be allowed to return to the United States at any time in the future.  The defendant desires

9 to plead guilty regardless of any immigration consequences that may result from his guilty plea,

10 even if the consequence is automatic removal from the United States with no possibility of returning.

11 The defendant acknowledges that he has specifically discussed these removal/deportation

12 consequences with his attorney.

13 . . . .

14 . . . .

15 . . . .

16 . . . .

17 . . . .

18 . . . .

19 . . . .

20 . . . .

21 . . . .

22 . . . .

23 . . . .

24 . . . .

25 . . . .

26 . . . .

## XII.   ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 3|8|13

SUSAN CUSHMAN
Assistant United States Attorney

DATE 3/8/2013

RAQUEL LAZO
Assistant Federal Public Defender
Counsel for the Defendant

DATE 3-5-2013

ALBERT HERNANDEZ
Defendant

12